UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KASSIE MERRITT, individually and on
behalf of all others similarly situated,

                                        6:15-CV-0269-TC

                                        Plaintiff,

                                        FINDINGS and RECOMMENDATION

              v.

YAVONE, LLC, a California limted liability
company, HEALTHY CHOICE LABS, LLC, a
Nevada limited liability company, and
GLOBAL PRO SYSTEM, INC., a Nevada
corporation,

                                        Defendants.
_____

COFFIN, Magistrate Judge:

## INTRODUCTION

   Plaintiff brings several claims in this action arising from plaintiff's ordering of a product online

and the charges made to her debit card after the order.

   Defendant Healthy Choice Labs, LLC (HCL) and defendant Global Pro System, Inc. (GPS)

move to dismiss all of the claims against them for failure to state a claim upon which relief can be

granted.

Page 1 - FINDINGS and RECOMMENDATION

<u>STANDARDS</u>

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted. " Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but also requires the complaint to contain enough facts to state a claim that is plausible on its face. <u>Bell Atlantic v. Twombly</u>, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009):

> As the Court held in <u>Twombly</u>, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

<u>Id.</u> at 1949.

Page 2 - FINDINGS and RECOMMENDATION

FACTUAL BACKGROUND

In or around early May 2014, Plaintiff Merritt alleges that she encountered an advertisement for Defendants' Simply Garcinia Cambogia product while browsing the Internet. (Compl. ¶ 42.) She clicked on the advertisement and viewed representations concerning the product, its effectiveness, its availability, and its cost. (Id.) Relying on those representations, Merritt submitted her personal information through defendants' initial landing page. (Id.) Thereafter, defendants directed Merritt to their checkout page, where she viewed representations substantially similar to those mentioned above, including a "price" box that listed $0.00 for the "free trial" of Simply Garcinia Cambogia and a charge of less than $5.00 for shipping and handling. (Id. ¶ 43.) No other price terms were on the webpage. (Id.) Based on the representations made by defendant Yavone, defendant HCL, and defendant GPS on the website regarding the nominal price for shipping and handling (i.e., less than $5.00), Merritt submitted her debit card information and completed her order. (Id. ¶ 44.) Less than one month later, on May 26, 2014, defendants debited Merritt's bank account in the amount of $79.99. (Id. ¶ 45.)

DISCUSSION

Plaintiff Pleads Sufficient Facts Under Rule 8 (a)

Defendant GPS argues in its motion that Merritt's claims "fail to allege direct liability against GPS" because the allegations do not distinguish between defendants. (GPS Mot at 9.) Essentially, GPS argues that none of the allegations apply to GPS because it was the other two named Defendants (HCL and Yavone), not GPS, who were involved in the underlying misconduct that forms the bases of Merritt's claims. (Id. at 6-9.) HCL, despite being the recipient of GPS's

finger-pointing, also tries to argue that Merritt's claims fail to meet the relevant pleading standards and thus do not sufficiently put HCL on notice of the claims against it. (HCL Mot. at 2, 5-10.) Neither argument or those in the joint Reply from GPS and HCL are persuasive.

The pleading requirements under Rule 8(a) require "only a short and plain statement of the claim showing that the pleader is entitled to relief." Twombly, 550 U.S. at 555 (internal quotations omitted). As this court has previously found, the purpose of this requirement is "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Slep-Tone Entertainment Corp. v. Shenanigans Lounge, No. 12-cv-1236-TC, 2013 WL 1768444, at *2 (D. Or. Feb. 22, 2013) (quoting Twombly, 550 U.S. at 555). When a party cannot possibly know each individual defendant's role in the unlawful conduct at the pleading stage, this court and others find that a determination of the roles of each defendant "is an issue to be vetted in discovery." Id. at *2. As a result, it is common for courts to deny motions to dismiss based on a plaintiff's inability to differentiate defendants at the pleadings stage, and find that a complaint that "identifies the defendants, their places of business, plaintiff's investigators' observations, and the specific allegations against each individual defendant," meet Rule 8(a)'s pleading requirements. See id. (denying motion to dismiss that argued "the complaint should differentiate between defendant institutions that provide in-house karaoke entertainment services and those that hire a karaoke jockey . . . as an independent contractor" when the plaintiff had no way of knowing the companies' exact interplay without the benefit of discovery).

The Complaint in this action spends an entire section identifying the roles - as plaintiff notes to the best of plaintiff's knowledge at this early stage of the litigation - that each defendant plays in the alleged fraud. (See id. ¶¶ 33-41.) Just like the complaint in Slep-Tone, Merritt's Complaint

Page 4 - FINDINGS and RECOMMENDATION

separately identifies the defendants and their individual places of business (id. ¶¶ 6-8), delineates

their roles based on the limited information available through a pre-discovery investigation (id. ¶¶

33-41), and asserts specific factual allegations related to each defendant's role. (See id. ¶¶ 1 n.1); see

Slep-Tone, 2013 WL 1768444, at *2 (holding that allegations such as these are sufficiently detailed

under Rule 8(a)). Therefore, under Rule 8(a), Merritt pleads "sufficient facts particularized to each

defendant such that defendants are given fair notice of the allegations against them." See id.


Plaintiff's Complaint Also Meets the Heightened Pleading Requirements Under Rule 9(b)

GPS and HCL also argue that plaintiff failed to adequately plead her claims for fraud under

Rule 9(b), which requires a plaintiff to identify the "who, what, when, where, and how" of the

alleged fraud. (GPS Mot. at 7; HCL Mot. at 6.). Such argument fails .

In cases like this one, where the intricacies of each defendant's role in the fraudulent scheme can

only be determined through discovery, the standard merely requires plaintiffs to identify, but not

describe in exacting detail, "the role of each defendant in the alleged fraudulent scheme." Fields v.

Wise Media, LLC, No. C 12-05160, 2013 WL 3187414 at *4 (N.D. Cal. June 21, 2013) (quoting

Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007)) (finding that plaintiffs met Rule 9(b)

pleading requirements when the complaint described generally each defendant's role in the alleged

fraudulent scheme).

Here, Merritt provides sufficiently detailed allegations to meet—and exceed—the pleading

standard in the circumstances of this case. Merritt alleges when she "encountered an advertisement

for Defendants' Simply Garcinia Cambogia product"—in May 2014. (Compl. ¶ 42.) Merritt also

alleges what representations she saw on which website. (See id. ¶¶ 21-32, 42.) Specifically, she

alleges that she "clicked on the advertisement and viewed representations substantially similar to those described concerning the efficacy, availability, and cost of Simply Garcinia Cambogia" (id. ¶ 42)—i.e., that the product "HELPS STOP FAT FROM BEING MADE," "SUPPRESSES YOUR APPETITE," and "Burn[s] Fat Quicker and More Efficiently"; that consumers would receive a "free trial" or "FREE BOTTLE"; that the offer was "Risk Free"; and that the total cost was "0.00" with a small charge for shipping and handling. (Id. ¶¶ 22, 24-25, 43.) Merritt also specifies where she saw the representations—as online advertisements when browsing the World Wide Web. (Id. ¶ 42.) She also sufficiently alleges who made the representations by pointing to a number of websites that are operated by Defendant HCL in collaboration with Defendants Yavone and GPS and that employ the same marketing scheme to sell Simply Garcinia Cambogia and names several of the defendants' websites used in the alleged scheme.    (Id. ¶ 35.) Merritt finally alleges that she submitted her payment information in reliance on the representations that she would only be charged less than $5.00 for shipping and handling. (Id. ¶¶ 43-44.) Thus, Merritt explicitly alleges that in May 2014 (when) all three defendants (who)— including GPS and HCL—made false representations regarding the cost of the "free trial" of Simply Garcinia Cambogia (what) in online advertisements on various named websites (where).  She also alleges that those representations were false inasmuch as the "free trial" was designed to gather her payment information in order to process automatic and recurring charges to which she never agreed (how). (Compl. ¶ 44-47.) These allegations easily satisfy Rule 9(b)'s heightened pleading requirement. See generally Rolex Employees Retirement Trust v. Mentor Graphics Corp., 749 F. Supp. 1042, 1047 (D. Or. 1990) (finding that the plaintiff pleaded its fraud claims sufficiently to satisfy Rule 9(b) where it identified the specific statements made, the date on which those statements were made, and to the extent possible, the role of each defendant in the

Page 6 - FINDINGS and RECOMMENDATION

misrepresentations).

Merritt also goes even further to provide detailed allegations as to *how* consumers are allegedly tricked into signing up for a "free trial" of Simply Garcinia Cambogia. (Compl. ¶¶ 21-32.) She explains that once consumers are directed to one of defendants' websites, they are greeted with statements designed to convince them to sign up for a free-trial bottle, like "HELPS STOP FAT FROM BEING MADE," "SUPPRESSES YOUR APPETITE," and "Burn[s] Fat Quicker and More Efficiently," as well as "CLAIM YOUR FREE BOTTLE TODAY!" and "RUSH MY ORDER." (Id. ¶¶ 21-22, 24.) She further explains that the websites did not contain pricing information for future automatic charges or a request that the consumer review or agree to any terms and conditions. (Id. ¶ 24.) Instead, once consumers provided their name, address, phone number, and email address to claim their free bottle, they were directed to a checkout page that contained representations like "Final Step" and "Rush My Order" where Defendants represented that the price of the bottle was $0.00 with a charge of less than $5.00 for shipping and handling. (Id. ¶ 25.) Directly below the "payment information" form, consumers had the option of clicking the large "RUSH MY ORDER" button, which completed the entire transaction without the need to scroll down or view any other part of the page. (Id. ¶ 26.) The Complaint also specifies that the defendants intentionally designed the product checkout page in a way to discourage any consumer from seeing or reading a price disclosure. (Id. ¶¶ 28-29.) And Merritt alleges that the various representations made on these websites, combined with the intentional concealment of a price disclosure, induced consumers to submit their payment information believing they would only be charged a nominal amount for shipping and handling. (Id. ¶ 29.)

Defendants again argue that plaintiff has not pleaded enough, arguing that plaintiff has not

Page 7 - FINDINGS and RECOMMENDATION

identified each defendant's role in the alleged scheme. Such argument fails in this context also. In

certain cases involving fraud, Rule 9(b)'s particularity requirements "may be relaxed as to matters

within the [plaintiff's] knowledge." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th

Cir. 1989). Rule 9(b) thus only requires that a plaintiff "specifically plead those facts surrounding

alleged acts of fraud to which they can reasonably be expected to have access." Concha v. London,

62 F.3d 1493, 1503 (9th Cir. 1995) (emphasis added). For example, when alleging corporate fraud,

"plaintiffs will not have personal knowledge of all the underlying facts" which makes it "difficult

to attribute particular fraudulent conduct to each defendant as an individual." Id. In such cases,

knowledge of specific factual information is solely within the corporation's control and remains

"inaccessible to the [plaintiff] until discovery has been completed." Altamont Summit Apartments,

LLC v. Wolff Properties, LLC, No. Civ. 01-1260, 2002 WL 926264, at *5 (D. Or. Feb. 13, 2002).

The Ninth Circuit further relaxes the particularity requirement "for claims against a corporation

where the alleged misstatements are attributed to a group," stating that a plaintiff need only identify

the roles of the individual defendants "where possible." Holmes, 2004 WL 1379590, at *4. [1]

Here, Merritt has alleged as many facts as possible at this early stage of the case to describe each

Defendant's role in the joint marketing operation to deceive consumers (like herself) into signing

up for the "free trial" of Simply Garcinia Cambogia. (Compl. ¶¶ 33-41.) For example, Merritt alleges

that HCL "operates dozens of websites on the internet that have been designed (with assistance from

Defendants Yavone and GPS) to sell defendants' Simply Garcinia Cambogia brand of garcinia

cambogia extract," and goes so far as to identify more than twenty of them. (Id. ¶ 35.) Merritt then

---

[1]Defendants try to distinguish Rolex, supra,, and Moore, supra, as they included "group published information," but such does not change the outcome of the motions in the circcumstances of this case.

goes on to describe Yavone's role as "merchant" in supplying the website domains and contracting with marketing affiliates to draw consumers to these websites, (id. ¶¶ 36-37), and explains how GPS "recruits and coordinates the efforts of the merchants operating in this [multi-level marketing] scheme" by tapping into the "downline" of its principal, Anthony Powell. (Id. ¶ 40.) As a result, the Complaint sufficiently explores the roles each defendant played in deceiving consumers through their sale of Simply Garcinia Cambogia, and Rule 9(b) is satisfied.   Even if parts of the Complaint falter under the Rule 9(b) standard, plaintiff persuasively argues, like the plaintiff in Fields, that the relevant facts remain in the defendants' exclusive knowledge and are therefore not subject to the same rigors of the Rule.   With appropriate discovery, plaintiff might succeed in curing any deficiencies , though they should be aware that failure to do so may impact the viability of their claims.   See Fields, 2013 WL 3187414, at *4 .


Fraud in the Inducement Claim and Fraud in Omission Claim

GPS and HCL's Joint Reply notes an error in a purported Terms and Conditions Agreement (T & C Agreement) that was submitted and was a basis for many of defendant's specifically targeted arguments in their motion to dismiss.  Plaintiff had previously dedicated a substantial effort in her Opposition to demonstrate that the T & C Agreement is inapplicable to the pending motions. Defendants have since withdrawn the T & C and the arguments based thereon for the purposes of the pending motions.  As such, defendants' motion against the fraud in inducement claim and fraud in omission claim were not revisited after the withdrawal of the T & C arguments and are deemed abandoned.

Claim Under ORS 646A.295

Defendants' argument that plaintiff concedes her claim regarding ORS 646A.295 as plaintiff purportedly never addressed all of defendants' arguments is not persuasive in the circumstances of this case. A substantial part of defendants' arguments are based on the T & C Agreement that plaintiff disputed and defendants withdrew. Moreover, contrary to one of defendants' arguments, plaintiff's pleading included references to the existence of "automatic renewal charges" and deceptive enrollment tactics. See, e.g., ¶ 62.

Claims for Breach of Contract

A substantial part of defendants' arguments seeking the dismissal of the breach of contract claims is based on the T & C Agreement that plaintiff disputed and defendants withdrew. Moreover, the Complaint alleges the existence of a valid contract between plaintiff and each defendant. Such is adequately pled in the circumstances of this action and at this stage of the litigation.

Claim Under Electronic Funds Transfer Act

Plaintiff asserts a claim under §1693e of the Electronic Funds Transfer Act. However, plaintiffs general allegations, as set forth previously, do not support such a claim as illustrated by the following three cases. Sharkey v. NAC Mktg. Co., LLC, 2012 WL 5967409, at *3 (N.D. Ill. Nov. 28, 2012)(the authorization for a one-time electronic debit transaction in the amount of $6.99 was, based on Sharkey's own allegations, not a 'preauthorization' for recurring transfers. Sharkey also specifically states he did not authorize any future recurring transfers from his account. Section 1693e

Page 10 - FINDINGS and RECOMMENDATION

was not intended to address such situations."); In re DirecTV Early Cancellation Litigation, 738 F.Supp. 2d 1062, 1091 (C.D. Cal. 2010) (finding that a transfer must be "recurring" for § 1693e to apply); Okocha v. HSBC Bank USA, N.A., 08 Civ. 8650, 2010 WL 5122614 (S.D.N.Y. Dec.14, 2010) (dismissing EFTA § 1693e claim because the preauthorized transfer was not set to occur at recurring intervals and the transfer between the account holder's bank accounts was not an electronic transfer covered by the EFTA).

As noted in Okocha , Section 1693e was aimed to protect "consumers who arrange for regular payments (such as insurance premiums or utility bills) to be deducted automatically from their bank accounts." Okacha, 2010 WL 5122614, at *2 (citing S. Rep. 95–915 (1978)). No such arrangement occurred here. [2]

CONCLUSION

Defendant Healthy Choice Labs, LLC's motion (#32) to dismiss and defendant Global Pro System, Inc's motion (#33) to dismiss should be allowed in part and denied in part. It should be allowed as to the claim under §1693e of the Electronic Funds Transfer Act and such claim should be dismissed. The remainder of the motions should be denied.

---

[2]Sharkey , supra, notes that at least one other section of the EFTA protects consumers from unauthorized electronic funds transfers initiated without the authority of the consumer. See 15 U.S.C. §1693a (12).

Page 11 - FINDINGS and RECOMMENDATION

DATED this _____ day of November, 2015.

_____
THOMAS M. COFFIN
United States Magistrate Judge